UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| PRESTON SCOTT PERSLEY EL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5: 20-025-WOB |
| | ) | |
| V. | ) | |
| | ) | |
| SGT. JEREMY JOHNSON, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Preston Scott Persley EL (*aka*, Preston Scott Persley) is a resident of Sadieville, Kentucky, which is located in Scott County, Kentucky. Proceeding without counsel, Persley EL filed a civil rights complaint in this Court related to pending state criminal charges against him, naming as Defendants two Scott County Sheriff's Department deputies, the Scott County Attorney, and the Scott County Magistrate. [R. 1] Specifically, he alleges that his rights under the Fourth and Eighth Amendments were violated as a result of multiple unlawful searches and seizures and the setting of excessive bail and that his Fifth Amendment due process rights were violated "due to a fraudulent charge made by the Judge mandating my arrest and failure to set a timely pretrial hearing for bail determination." [R. 1-1] Persley EL paid the $350.00 filing fee and $50.00 administrative fee. [R. 1-4]

However, Persley EL's Complaint and supporting affidavit make clear that his claims relate to ongoing proceedings against him currently pending in the Scott District and Circuit Courts in the following cases: *Commonwealth v. Persley*, Case No. 18-CR-00220 (Scott Cir. Ct. 2018); *Commonwealth v. Persley*, Case No. 18-CR-00221 (Scott Cir. Ct. 2018); *Commonwealth v. Persley*, Case No. 19-T-00345 (Scott Dist. Ct. 2019); and *Commonwealth v. Persley*, Case No. 19-

F-00534 (Scott Dist. Ct. 2019). Indeed, part of the relief Persley EL seeks is dismissal of these cases that are pending against him. [R. 1-1][1]

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that federal courts should not exercise jurisdiction over civil matters in any fashion that would interfere with ongoing state criminal prosecutions absent truly extraordinary circumstances. *Id*. at 44. This rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). "There are three requirements for proper invocation of *Younger* abstention: '(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (quoting *Sun Ref. & Mktg. Co. v. Brennan,* 921 F.2d 635, 639 (6th Cir. 1990) (citation omitted)).

Because each of these requirements appeared to be met here, on February 3, 2020, this Court entered an Order directing Persley EL to show cause within 21 days from the date of the order why the Court should not abstain from adjudicating his claims in light of his ongoing state criminal proceedings pursuant to the doctrine articulated in *Younger*. [R. 5][2] Persley EL was

---

[1] Although Persley EL also refers to his charges against him in *Commonwealth v. Persley*, Case No. 19-F-00037 (Bourbon Dist. Ct. 2019), these charges were brought in Bourbon County, Kentucky (not Scott County). In that case, Persley EL was charged with intimidating a participant in the legal process in violation of K.R.S. § 524.040 and filing an illegal lien in violation of K.R.S. § 434.155. These charges were dismissed without prejudice on July 25, 2019 and their relevance to Persley EL's claims against the Defendant Scott County officials is not immediately apparent.
[2] Whether *Younger* abstention is appropriate is an issue that may be raised by the Court *sua sponte*. *See generally O'Neill v. Coughlan*, 511 F.3d 638, 640-43 (6th Cir. 2008). *See also Squire v. Coughlan*, 469 F.3d 551 (6th Cir. 2006) (affirming district court's *sua sponte* dismissal of complaint based on finding that plaintiff's ongoing state judicial disciplinary proceedings required the federal court to abstain pursuant to *Younger*).

specifically warned that, if he failed to respond to the Court's Show Cause Order within the time provided, the Court would dismiss his complaint without prejudice for failure to prosecute. [*Id*.] This 21-day time period provided by the Court within which Persley EL was directed to show cause has now come and gone with no response from Persley EL. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders).

The Court finds that each of the three *Younger* abstention requirements are clearly met here, as there are on-going state judicial proceedings against Persley EL, these criminal proceedings obviously implicate important state interests (including public safety and prosecuting crime), and there is adequate opportunity for Persley EL to raise constitutional challenges in his criminal proceedings. Indeed, due respect for the legal process in state courts precludes any presumption that state courts are unable or unwilling to safeguard federal constitutional rights. *Middlesex County Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 431 (1982). Accordingly, *Younger* abstention is warranted and appropriate with respect to the claims raised in Persley EL's complaint, which alleges constitutional infirmities in his ongoing prosecution. *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001) (*Younger* abstention counsels federal court to refrain from adjudicating matter otherwise properly before it in deference to ongoing state criminal proceedings).

For all of these reasons, Persley EL's complaint will be dismissed without prejudice.

Accordingly, it is hereby **ORDERED** as follows:

1. Persley EL's Complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971).

2. The Court will enter an appropriate Judgment.

3. This matter is **STRICKEN** from the Court's docket.

This the 28th day of February, 2020.



Signed By:
*William O. Bertelsman*   WOB
United States District Judge